IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Gail Malone *in her capacity as guardian ad litem of K.P.M., a minor individual; and K.M.M., a minor individual*,<br><br>Plaintiff,<br><br>v.<br><br>Melodie Anderson Malone, *et al.*,<br><br>Defendants. | Civil No. 06-1629-AS<br><br>FINDINGS AND RECOMMENDATION |

ASHMANSKAS, Magistrate Judge:

Plaintiff Gail Malone, as guardian ad litem of her minor children, seeks to recover $75,000 to which her children are allegedly entitled under a life insurance policy held by her former husband, the children's father, Steven Malone. Defendant Melodie Anderson Malone, was the wife of Steven Malone at the time of his death. Defendant Kevin Kirte allegedly received some of the insurance proceeds belonging to the Malone children. Mr. Kirte has not appeared in this action. Defendant State Farm Insurance ("State Farm"), now dismissed without prejudice (#24), issued the insurance policy on Mr. Malone's life.

Plaintiff originally filed this action in the Circuit Court of the State of Oregon for Yamhill County, asserting claims for conversion, tortious interference with contractual rights, unjust enrichment, breach of contract, and negligence. Plaintiff seeks $75,000 in damages and the imposition of a constructive trust on the property of the individual defendants.

Page -1- FINDINGS AND RECOMMENDATION                                                        *{MSK}*

1  State Farm removed the action to this court in November 2006, (#1), asserting that the
2  Employee Retirement Income Security Act (ERISA), (29 U.S.C. § 1001, *et seq.*), preempts Plaintiff's
3  state law claims and provides an exclusively federal remedy to beneficiaries of employee benefit
4  plans who seek to recover benefits from such plans.

5  Before the court is Plaintiff's motion for remand, (#14), pursuant to 28 U.S.C. § 1447(c).
6  First, Plaintiff argues that the removal was procedurally defective because not all necessary
7  defendants joined in the removal.  Second, Plaintiff argues that this court lacks subject matter
8  jurisdiction because any ERISA preemption jurisdiction that might have existed at the time of
9  removal ended with State Farm's dismissal.

10  Defendant Malone (hereinafter "Defendant") objects to Plaintiff's motion to remand. (#19).
11  Defendant argues that this court must deny the motion because the removal was not defective,
12  Plaintiff waived her procedural objections to removal, and federal courts have exclusive jurisdiction
13  over Plaintiff's claims.

14  The court finds that not all defendants joined in the removal as required by 28 U.S.C. §
15  1446(a).  The court therefore recommends that this case be remanded to state court pursuant to §
16  1447(c).  Given this disposition, the court does not reach Plaintiff's alternate ground, that this court
17  lacks subject matter jurisdiction.

18
19  LEGAL STANDARD

20  Cases that would have had original jurisdiction in a federal district court may be removed
21  from state court.  28 U.S.C. § 1441(a).  Federal courts have original federal question jurisdiction
22  in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28
23  U.S.C. §§ 1331, 1441(b). It is clear that the question whether a claim "arises under" federal law
24  must be determined by reference to the "well-pleaded complaint." Merrell Dow
25  Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).  Federal question jurisdiction
26  exists only if the federal question appears on the face of plaintiff's complaint; if not, original
27  jurisdiction is lacking, even if the defense is based on federal law.  Id.

1   "There is an exception, however, to the well-pleaded complaint rule. '[W]hen a federal
2   statute wholly displaces the state-law cause of action through complete pre-emption,' the state
3   claim can be removed." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 207 (2004) (quoting
4   <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 8 (2003)). "ERISA is one of these statutes." <u>Id.</u>
5   at 208.

6   "A defendant or defendants desiring to remove any civil action [shall file a notice of
7   removal] containing a short and plain statement of the grounds for removal." 28 U.S.C. §
8   1446(a). "Section 1446 requires all proper defendants to join or consent to the removal notice."
9   <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999). The removal statute
10  is strictly construed and any doubt about the right of removal is resolved in favor of remand.
11  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal
12  jurisdiction means "the defendant always has the burden of establishing that removal is proper."
13  <u>Id.</u>

14  "A motion to remand the case on the basis of any defect other than lack of subject matter
15  jurisdiction must be made within 30 days after filing of the notice of removal under section
16  1446(a)." 28 U.S.C. § 1447(c).

17
18                                          DISCUSSION
19  **<u>Defective Removal:</u>**

20  The removal of this case to federal court was defective. All defendants must join in a
21  removal under 28 U.S.C. § 1446. <u>Prize Frize</u>, 167 F.3d at 1266. The fact that Defendant Kirte
22  did not consent to removal is not disputed.

23  As to the defect itself, Defendant argues only that Defendant Kirte was a nominal party
24  whose joinder in the removal was not required. This argument is without merit. "All defendants
25  must join in a removal petition with the exception of nominal parties. A defendant is a nominal
26  party where his role is limited to that of a stakeholder or depositary." <u>Hewitt v. City of Stanton</u>,
27  798 F.2d 1230, 1232-33 (9th Cir. 1986) (citations omitted). Plaintiff alleges that Defendant

Page -3- FINDINGS AND RECOMMENDATION                                                          *{MSK}*

Kirte was unjustly enriched by receiving life insurance proceeds that he knew belonged to the Malone children. (Am. Compl. 5.) Plaintiff therefore seeks the imposition of a constructive trust on the property of Defendant Kirte. Id. at 7. Defendant Kirte may be liable on this claim. See, e.g. Sinsel v. Sinsel, 47 Or. App. 153, 158 (1980) ("we conclude that the defendant had actual or constructive notice of [the insurance benefit usurper's] acts and of their wrongful nature, and that a constructive trust can properly be enforced upon the property in her possession"). Because Defendant Kirte could be held personally liable based on Plaintiff's pleadings, he is not a nominal defendant. See Hewitt, 798 F.2d at 1233.

The court finds that removal of this case from state court was procedurally defective.

**Waiver of Objection to Removal:**

During oral argument on the remand motion, Defendant asserted that the motion was untimely, and that Plaintiff therefore waived any procedural objections to the removal. The court notes that page one of Plaintiff's memorandum supporting the December 14, 2006, remand motion states that the case was removed on November 13, 2006, thirty-one days earlier. Plaintiff argues, however that the removal notice was actually filed on November 14, 2006, and that, regardless of the actual filing date, she was entitled to rely on the removal notice's November 14, 2006 date-stamp. The court finds that the remand motion was timely.

Procedural defects in a § 1446 removal are not jurisdictional and are waived if not raised within thirty days of the filing of the removal notice. 28 U.S.C. § 1447(c); Vasquez v. North County Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002). The removal statutes do not define "filed." The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d at 566. District of Oregon Local Rule of Civil Practice 5.5(a)(2) requires redaction of the names of minor children from pleadings filed with the court. According to the February 8, 2007, Declaration of Esther Melin, legal assistant to State Farm's counsel, Ms. Melin "electronically filed State Farm's Notice of Removal on November 13, 2006." ¶ 2. However, the filing clerk called the next day because the caption of the Notice contained the names of minor children. Id. at ¶ 4. Ms. Melin therefore submitted

Page -4- FINDINGS AND RECOMMENDATION    *{MSK}*

the redacted version on November 14, 2006. Id. Unfortunately, State Farm then served Plaintiff with the Notice of Removal date-stamped November 14, 2006, and stating "WHEREFORE, State Farm prays that the above-entitled action be removed ... DATED this 14th day of November, 2006." Id.

In Ordonez v. Johnson, the Ninth Circuit deemed a complaint "constructively filed" on the date it was first received by the clerk of the court, despite the fact that it failed to comply with a local rule. 254 F.3d 814, 816 (2001). The district court had dismissed the case because no complaint that complied with local rules was filed until after the filing deadline. Id. at 815. Implicit in holding the complaint "constructively filed," is the holding that it was not actually filed until it complied with the local rule. The court then ordered the district court to "give Ordonez a reasonable opportunity *to file* his first amended complaint." Id. at 816 (emphasis added). Ordonez reasoned that "elevat[ing] a local rule to the status of a jurisdictional requirement would conflict with the mandate of [FRCP] 1 to provide a just and speedy determination of every action." Id. (quotation omitted).

FRCP 1 cuts the other way in this case. Deeming State Farm's removal notice constructively filed on November 13, 2006, despite its violation of a local rule, would conflict with the mandate of FRCP 1 to provide a just determination. Under these circumstances, Plaintiff was entitled to rely on the November 14 file-stamp as the date from which the 30-day period for filing her remand motion ran.

**Exclusive Jurisdiction's Effect on Removal Statutes:**

Defendant also argues that the removal's procedural defect should be disregarded due to ERISA's preemption of Plaintiff's claims. (Resp. Mem. 6.) Defendant points to New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995) and Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981) for the proposition that Congress intended employee benefit plan regulation to be "of sole Federal *jurisdiction*." Id. at 6 (emphasis added). These cases do emphasize "Congress's intent to establish the *regulation* of employee welfare benefit plans 'as exclusively a federal concern.'" Travelers, 514 U.S. at 656

(quoting Alessi, 451 U.S. at 523) (emphasis added). However, Defendant's arguments conflate three distinct doctrines: "defensive" preemption, "complete" preemption, and exclusive jurisdiction.

As discussed in Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998), defendants have a preemption defense to state law claims that "relate to" an ERISA plan within the meaning of 29 U.S.C. § 1144(a). Defensive preemption, however, does not provide a federal court with subject matter jurisdiction on removal from state court. Id. Complete preemption, on the other hand, does give federal question jurisdiction and supports removal where the challenged state law claim both falls under § 1144(a) "*and* falls within the scope of ERISA's civil enforcement found in § 1132(a)[.]" Id. at 654. This is because ERISA has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Davila, 542 U.S. at 209 (quotation omitted).

Complete preemption supports removal but, unless federal courts also have exclusive jurisdiction, it does not prevent a state court from deciding ERISA claims. 29 U.S.C. § 1132(e)(1). The significance of these distinctions is manifest by Defendant's discussion of Egelhoff v. Egelhoff, 532 U.S. 141 (2001). (Response Memo at 3). Defendant states that "here, as in Egelhoff, the Plaintiff's State law claims are preempted." Id. But in Egelhoff, after holding that the Washington statute at issue was preempted, at *149, the Court remanded *to the state court*, at *152. State courts can hear claims which, though completely preempted, were not removed to federal court, as in Egelhoff, or were improvidently removed, as in this case.

Given that complete preemption could not prevent remand of this case, the court construes Defendant's argument to be that Plaintiff's remand motion should be denied because her claims fall within the exclusive jurisdiction of the federal courts. Defendant correctly points out that ERISA's civil enforcement provision creates exclusive federal court jurisdiction for certain ERISA claims. (Response Memo at 4 (quoting 29 U.S.C. § 1132(e))). However, Defendant explains neither why there is exclusive federal court jurisdiction over Plaintiff's claims, nor why this court should deny Plaintiff's remand motion if there is.

Federal courts have exclusive jurisdiction over ERISA claims brought under § 1132(a), with the exception of claims under §§ 1132(a)(1)(B) and (a)(7). 29 U.S.C. § 1132(e). But Plaintiff states no claims under ERISA or any other federal law. In fact, state courts have concurrent jurisdiction over the most analogous ERISA claim, § 1132(a)(1)(B) ("A civil action ... by a beneficiary ... to recover benefits due to him under the terms of his plan,"). See 29 U.S.C. § 1132(e)(1). Plaintiff's claims might be preempted by ERISA, but they are not *brought* under ERISA. Therefore, federal courts do not have exclusive jurisdiction over them.

Even if Plaintiff stated a claim clearly falling under exclusive federal court jurisdiction, a § 1132(a)(1)(C) claim for example, this case would *still* be remanded because the removal was defective. There is disagreement among the few courts to have considered this situation. Compare Fitzgerald v. Bestway Services, Inc., 284 F. Supp. 2d 1311, 1318 (N.D.Ala. 2003) (court would exercise jurisdiction over ERISA claim even if removal were untimely), with two cases cited in Viala v. Owens-Corning Fiberglas Corp., No. C 94-0399, 1994 WL 139287, at *3 n.3 (N.D. Cal. Apr. 13, 1994) (remanding despite exclusive jurisdiction where removals were procedurally defective). Were there such a claim, the court would add this case to the apparent majority. ERISA expressly provides that "nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States[.]" 29 U.S.C. § 1144(d); see also New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 168 n.6 (5th Cir. 1986) (noting that ERISA's exclusive jurisdiction provision does not defeat 28 U.S.C. § 1447(d), due in part to 29 U.S.C. § 1144(d)). Despite other exceptions in both statutes that are not relevant to this case, § 1447 has no "exclusive jurisdiction" exception, and § 1144(d) has no "federal removal statute" exception. On its face then, ERISA does not modify the calculus of the removal statute.

## CONCLUSION

Removal of this case to federal court was defective because it lacked unanimity of consent or joinder of defendants, as required by 28 U.S.C. § 1446(a). Plaintiff timely objected

Page -7- FINDINGS AND RECOMMENDATION                                              *{MSK}*

by moving to remand the case to state court. Plaintiff's motion (#14) for remand under 28 U.S.C. § 1447(c) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due no later than **March 7, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 20th day of February, 2007.

       /s/Donald C. Ashmanskas
       DONALD C. ASHMANSKAS
       United States Magistrate Judge